693 So.2d 1070 (1997)
Edward M. THRUSTON, II, Appellant,
v.
Carol CONLEY, Appellee.
No. 96-1914.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Monica I. Salis of Monica I. Salis, P.A., Fort Lauderdale, for appellant.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, and Harry D. Dennis, Jr. of Harry D. Dennis, Jr., P.A., Pompano Beach, for appellee.
STEVENSON, Judge.
This is an appeal from an order enforcing a final judgment. We reverse because the trial court erred when it purported to "enforce" the final judgment of dissolution by modifying the property distribution scheme, which had previously been adjudicated and set forth therein.
In the final judgment of dissolution, the former husband was ordered to pay certain liabilities for a bus and a van, and was given interests in the former wife's 401k and pension plans. When the former husband did not pay the liens on the bus and van, one creditor obtained a judgment against the former wife, and the other obtained a judgment against both former spouses. The former wife then moved to "enforce" the provision of the final judgment requiring the former husband to settle the debts. In granting her motion, the trial court reduced the former husband's interest in the 401k and pension plans by $16,840.02, the total amount of the creditors' judgments. This re-shuffling of property rights, which were settled in the final judgment of dissolution, was error. See Horne v. Horne, 417 So.2d 324 (Fla. 4th DCA 1982), rev. denied, 429 So.2d 6 (Fla.1983); see also Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988)(en banc).
Accordingly, we reverse the "order enforcing final judgment" and remand to the trial court for further proceedings at which it may consider other means of enforcing the former husband's compliance with the final judgment of dissolution.
GLICKSTEIN and KLEIN, JJ., concur.