765 So.2d 898 (2000)
Michael Glenn WISE, Appellant,
v.
Louise Anne WISE, Appellee.
No. 1D00-267.
District Court of Appeal of Florida, First District.
August 25, 2000.
*899 James L. Chase, of Chase, Quinnell, McIver, Jackson & Marks, P.A., Pensacola, for Appellant.
R. John Westberry, of Holt & Westberry, P.L., Pensacola, for Appellee.
PER CURIAM.
Appellant, the former husband, appeals from the lower court's order on the former wife's motion for contempt and enforcement of the final judgment of dissolution. The lower court ordered appellant to comply with the terms of the final judgment by completing all necessary paperwork to name appellee as beneficiary of his military Survivor Benefit Plan (SBP). Because the action ordered by the lower court cannot be accomplished under the applicable federal law[1], we reverse with directions for the trial court to fashion an appropriate remedy for the former wife.
The facts in this case are undisputed. In 1991, when appellant retired from the military, he and appellee were still married, and they elected to participate in the "Survivor Benefit Plan," a program through which a service member eligible for retirement may purchase an annuity for a surviving spouse or child with the premium payment deducted from the service member's retirement pay. See 10 U.S.C. §§ 1447-1455 (1998). At the time, the parties named their then minor daughter as the beneficiary of the SBP. When the parties divorced in 1993, however, the stipulated final judgment of dissolution required appellant to elect appellee as beneficiary of the SBP. Despite appellee former wife's repeated requests, appellant failed to comply with this requirement of the final judgment. Finally, in July 1999 appellee filed a motion for a finding of contempt and for enforcement of this provision of the dissolution judgment. After a hearing, the court ordered appellant to complete the necessary paperwork for designating the former wife as beneficiary of his Survivor Benefit Plan and reserved jurisdiction to effectuate the order and/or to implement the terms of the parties' final judgment. Because the federal law applicable in this case effectively prevents the enforcement of the lower court's order, we are compelled to reverse.
Under federal law, a court may require a person, who is a participant in the SBP and "providing coverage for a spouse or spouse and child," to revoke that coverage to provide the annuity for a former spouse, who was not a former spouse at the time the service member became eligible to participate in the plan. See 10 U.S.C. §§ 1448(b)(3)(A), 1450(f)(3). In this case appellant is currently participating in the SBP and appellee was not a former spouse when he became eligible for the plan. Appellant, however, is not providing coverage for "a spouse or a spouse and child"; he is providing coverage for a child only. His claim that the statute, therefore, does not permit him to change the coverage of the SBP to appellee is supported not only by the language of the statute, but also by the explanation provided in the legislative history of this provision. See S. Rep. No. 98-174 (1983) ("Additionally, an individual would not be permitted to revoke child alone coverage *900 to provide an annuity for a former spouse. The committee felt that child beneficiaries deserve a preference in such cases."). It appears, therefore, that the beneficiary change ordered in the earlier dissolution judgment could not be effected at the time of dissolution and cannot be effected now. Even if the ordered change of beneficiary could have been elected at the time of dissolution, however, such a change is no longer possible.
Congress has provided two means by which a former spouse may be made the beneficiary of an SBP. First, a plan member may elect a former spouse as beneficiary of the SBP by submitting a written, signed election to the appropriate government Secretary within one year after the date of a decree of divorce, dissolution, or annulment. 10 U.S.C. § 1448(b)(3)(A)(iii). Apparently recognizing that a service member participating in the SBP might not be diligent in complying with a court order requiring a change of beneficiary in favor of a former spouse, Congress provided an alternative means whereby the former spouse can take action to be deemed the beneficiary of the SBP as follows:
(A) Deemed election upon request by former spouse. If a person described in paragraph (2) or (3) of section 1448(b) of this title is required [incident to a dissolution proceeding by agreement or court order] to elect under section 1448(b) of this title to provide an annuity to a former spouse and such person then fails or refuses to make such an election, such person shall be deemed to have made such an election if the Secretary concerned receives [a copy of the court order or a statement from the clerk of court that such an agreement was filed with the court].
10 U.S.C. § 1450(f)(3). Congress, however, has placed the same one year time limit on this alternative. Section 1450(f)(3)(C) states that "[a]n election may not be deemed to have been made ... in the case of any person unless the Secretary concerned receives a request from the former spouse of the person within one year of the date of the court order or filing involved." Further, Congress has provided that the SBP annuity "is not assignable or subject to execution, levy, attachment, garnishment, or other legal process." 10 U.S.C. § 1450(i). The parties' dissolution judgment in this case was entered in 1993, and neither party complied with either of the two means by which a former spouse may be made beneficiary of an SBP. Accordingly, despite the requirement in the dissolution judgment, appellee cannot now obtain the SBP coverage. See King v. King, 225 Ga.App. 298, 483 S.E.2d 379, 382-83 (1997) (stating that Congress enacted statutes "which allowed federal and state courts to apply both community property and equitable distribution principles to military retirement pay" but had "specifically set forth the conditions under which a former spouse awarded SBP benefits in a state court divorce decree may thereafter be elected as the beneficiary of the annuity under the SBP and become entitled to receive the annuity" and thus federal law preempted state law). See also Silva v. Silva, 333 S.C. 387, 509 S.E.2d 483 (App. 1998) (finding reasoning in King persuasive and affirming trial court's refusal to impose constructive trust on SBP proceeds where service member never had former wife named beneficiary pursuant to divorce settlement agreement and former wife did not avail herself of federal remedy).
We also note that, contrary to appellee's argument below, appellant could not at the time of the hearing below have designated the former wife as beneficiary of the SBP under a then available, limited SBP enrollment period. The law cited was inapplicable to persons, such as appellant, who already participate in the SBP program. See 10 U.S.C. § 1448(a)(4); Strom Thurmond National Defense Authorization Act For Fiscal Year 1999, Pub.L. No. 105-261, § 642, 112 Stat. 1920, 2045-47 (1998) (providing special SBP enrollment period to *901 retired service members who previously elected not to participate in program).
For the reasons presented above, neither the lower court's order nor appellant's agreement to effect SBP coverage for appellee, which is incorporated in the 1993 stipulated dissolution judgment, can be enforced. Our reversal of the lower court's order, however, does not end the matter. Like other retirement plans, military retirement benefits, including a Survivor Benefit Plan, are considered marital assets subject to equitable distribution. See 10 U.S.C. § 1408; 61.076, Fla. Stat; Johnson v. Johnson, 602 So.2d 1348 (Fla. 2d DCA 1992). As has been shown, federal law expressly empowers state courts to order a spouse to maintain a Survivor Benefit Plan for a former spouse, and that was done in this case in the 1993 dissolution judgment. See 10 U.S.C. § 1450(f); Heldmyer v. Heldmyer, 555 So.2d 1324 (Fla. 5th DCA 1990) (noting change in federal statute permitted court to order spouse to maintain annuity for former spouse under SBP). In the instant case, it is apparent that an annuity was awarded to the former wife as part of the overall scheme of equitable distribution in the final judgment. Accordingly, the lower court has authority to revisit the equitable distribution in this case or otherwise effect the terms of the dissolution judgment. For example, in Heldmyer, where it had become impossible for the former husband, who died during the appellate process, to designate the former wife to receive military survivor benefits, the court remanded as follows:
To compensate Nancy [former wife] for this loss [of military pension survivor benefits], we remand to the trial court for a determination of the valuation of Nancy's portion of the miliary[military] pension, and for a full and complete reevaluation of the property distribution of the parties as of the date of the original judgment of dissolution. Nancy is to be compensated for the loss of her portion of the pension from property awarded to Harry [former husband]. If the value of marital property is insufficient to compensate Nancy for her loss of the pension, the trial court may enter a judgment for the balance, enforceable against Harry's non-marital assets, now a part of Harry's estate.
555 So.2d at 1326 (citation omitted). See Johnson v. Pogue, 716 So.2d 1123 (Miss. App.1998) (where former husband failed to comply with California dissolution judgment to designate former wife as beneficiary of SBP and federal statute's one-year bar prevented former spouse from seeking such designation herself, lower court did not err in requiring former husband to purchase annuity for former wife for percentage of his net retirement pay reduced to reflect former wife's obligation to pay part of premium).
Accordingly, we reverse the order of the lower court and remand for further proceedings consistent with this opinion.
BARFIELD, C.J., MINER and PADOVANO, JJ., CONCUR.
NOTES
[1] We reject without further discussion appellant's argument that the former wife should be collaterally estopped from enforcing the terms of the final judgment of dissolution.