782 So.2d 406 (2001)
James C. LONGANECKER, Appellant,
v.
Nancy G. LONGANECKER, Appellee.
No. 2D99-4175.
District Court of Appeal of Florida, Second District.
January 26, 2001.
Rehearing Denied March 19, 2001.
Karol K. Williams and Allison M. Perry of Law Office of Karol K. Williams, P.A., Tampa, for Appellant.
Nancy G. Longanecker, pro se.
PATTERSON, Chief Judge.
James Longanecker (the husband) appeals from a postdissolution order which denies his exceptions to a general master's report. We affirm the ruling that the husband must make a monthly payment of $157.76 to Nancy Longanecker (the wife), but we reverse the ruling that the husband must pay to the wife $500 for their catamaran boat and $1,040 with respect to their rental property.
The parties were married for nineteen years and entered into a property settlement agreement that provided in part for the equitable distribution of marital assets, *407 payment to the wife of $350 per month permanent alimony, and payment to the wife of $157.76 from each monthly net disposable retirement payment of the husband. The husband is a retired military officer. The parties engaged in post-judgment enforcement proceedings that relate to relatively minor matters with the exception of the $157.76 monthly payment to the wife.
The evidence established that the husband no longer receives any net disposable retirement income because all of his disposable retirement benefits had been converted over time into disability benefits which, by federal law, are specifically excluded from the statutory definition of disposable pay. See 10 U.S.C. § 1408 (1996) (The Uniformed Services Former Spouses' Protection Act). Without specifically addressing this issue, the general master recommended that "[t]he Former Husband shall pay directly to the Former Wife her share of his military disposable retirement income in the monthly amount of $156.76 [sic]...." The general master further found the husband to be in arrears in these payments through December 1998 in the amount of $2,978.44 and recommended that the husband be ordered to pay the arrearage within ten days. The trial court's order simply ratifies and approves the general master's report.
The husband is correct that payment of $157.76 directly from his disability pay cannot be enforced. As the First District explained in Robinson v. Robinson, 647 So.2d 160, 161 (Fla. 1st DCA 1994):
As to the special equity payment, we recognize the dilemma faced by the trial court in reaching an equitable solution under these unique factual circumstances. However, we cannot sustain the trial court's order. The Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA) and federal case law are clear that military disability benefits are not subject to distribution to a former spouse. 10 U.S.C.A. § 1408(a)(4)(B) (Supp.1993); 10 U.S.C.A. § 1408(c)(1) (1982); Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Only that portion of retirement pension that constitutes a real retirement benefit, rather than disability, can be considered a marital asset subject to distribution. McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990); and Haydu v. Haydu, 591 So.2d 655 (Fla. 1st DCA 1991). Here, former wife's special equity interest in former husband's retirement benefits was extinguished by operation of law upon the reallocation of former husband's benefits from retirement to disability. Mansell, supra (former husband could modify a prior court order of dissolution granting former wife a 50 percent interest in his total military benefits to exclude any retirement benefits waived by former husband to receive disability). Therefore, the trial court erred in finding former wife had a continuing special equity interest in former husband's military disability benefits.
In Robinson, the trial court did not award the wife alimony, but rather a special equity in the husband's military pension.
In Abernethy v. Fishkin, 699 So.2d 235 (Fla.1997), our supreme court came to a different conclusion under similar facts. In Abernethy, like in this case, the parties entered into a property settlement agreement that provided Fishkin would receive 25% of Abernethy's Air Force retirement pay. The final judgment specifically provided that Fishkin would receive monthly payments comprised of 25% of Abernethy's "`net disposable retired or retainer pay.'" Id. at 237. After a period of time, Abernethy's retirement benefits were converted to veterans' disability benefits. *408 The trial court then ordered Abernethy to pay 25% of these benefits to Fishkin. On appeal, the Fifth District affirmed on the theory that Mansell does not prohibit a veteran from assigning in a pre-divorce settlement agreement a portion of such benefits in exchange for other property. The supreme court rejected this rationale and held that the division of veterans' disability benefits "whether through court order or settlement are preempted by federal law." Id. at 239. The court then went on to hold that Fishkin was entitled to receive the money essentially as alimony. To reach this conclusion, the court relied on two factors: First, that the final judgment did not purport to divide "disability benefits" and, second, that the property settlement agreement contained an indemnification provision which precluded Abernethy from "pursuing any course of action which would defeat Fishkin's right to receive a portion of his `full net disposable retired or retainer pay.'" Id. at 240. The court concluded that the parties' intent was to maintain a monthly level of payments.
This case is similar to Abernethy. Although the parties did not provide for a specific indemnity agreement, the final judgment provides:
(i) As and for lump sum alimony to effectuate an equitable distribution of the Husband's military retirement pension as a marital asset, the Husband shall pay or direct to be paid to the Wife the sum equal to $157.76 from each monthly net disposable retirement payment....
Unlike Robinson, the court here did not attempt to invade the husband's military benefits, but rather made an award of alimony in an amount equivalent to the wife's agreed share. Therefore, as in Abernethy, the trial court did not err in requiring the husband to make this monthly payment directly to the wife. On remand, the trial court shall determine the amount of the husband's arrearage and make an appropriate order for its payment.
The husband also challenges the trial court's order that he pay the wife $500 for the value of a catamaran boat and $1,040 in regard to certain rental property which the parties had owned. We agree that the record does not support these awards and vacate them.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CASANUEVA, JJ., concur.