814 So.2d 1096 (2002)
Michael JANOVIC, Appellant,
v.
Dora JANOVIC, Appellee.
No. 1D00-3463.
District Court of Appeal of Florida, First District.
March 15, 2002.
Rehearing Denied April 25, 2002.
*1097 W. Joel Boles and Tracey Scalfano Witt of Wilson, Harrell, Smith, Boles & Farrington, P.A, Pensacola, for Appellant.
Glenn K. Allen and Jennifer W. Fites of Glenn K. Allen, P.A., Jacksonville, for Appellee.
WOLF, J.
Michael Janovic (former husband) raises three issues in this appeal from an order entitled "Qualifying Court Order" rendered on July 18, 2000. We find no merit in the third issue concerning the calculation of retirement pay awarded to Dora Janovic (former wife) and affirm as to that issue without further discussion. We restate the other two issues as follows: 1) Whether entry of the Qualifying Court Order violates the United States Supreme Court's holding in Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), concerning the distribution of military disability retirement benefits; and 2) whether entry of the Qualifying Court Order constitutes an impermissible postjudgment modification of the equitable distribution scheme contained in the parties' dissolution of marriage judgment. We conclude that the order on appeal does not violate the holding in Mansell, as interpreted by the Florida Supreme Court in Abernethy v. Fishkin, 699 So.2d 235 (Fla. 1997), because the order does not distribute disability retirement benefits nor does the record demonstrate that the husband will be required to utilize his disability benefits in order to comply with the Qualifying Court Order. We also conclude that the order constitutes permissible enforcement of an existing final judgment as it does nothing more than enforce the parties' property settlement agreement, which was incorporated into the consent final judgment of dissolution of marriage. We therefore affirm.
In April of 1999, the trial court entered a consent final judgment of dissolution of marriage terminating the parties' nineteen-year marriage. The judgment awarded the husband half of the retirement benefits earned by the wife during the marriage, and the wife half of the retirement benefits earned by the husband during the marriage. No alimony was awarded. The trial court specifically reserved jurisdiction in the judgment "to enter Qualified Domestic Relations Order(s) or other necessary order(s)" so as to distribute the parties' awarded share in one another's retirement benefits.
Less than one year after entry of the consent final judgment, the former husband was discharged from the Navy and waived a portion of his retirement benefits in favor of receiving veterans' disability benefits. Following this change in the former husband's financial status, the former wife filed a motion to enforce the final judgment and equitable distribution or, in *1098 the alternative, for judgment against the former husband to reimburse her for money overpaid to the husband. After a hearing on her motion, the trial court entered the order on review. The former husband has not provided a transcript of the hearing on the former wife's motion. The order on appeal provides in pertinent part as follows:
1. Michael John Janovic has an interest in retirement benefits due to his service in the U.S. Navy. His former spouse, Dora Janovic, shall receive from Michael Janovic's Disposable Retired Pay an amount as set forth below.
. . . .
2.(c) "Disposable Retired Pay" shall mean the total monthly retired or retainer pay to which the Member is entitled, as defined in 10 U.S.C. Section 1408(a)(4).
. . . .
15. The Member agrees not to merge the Member's disposable retired pay with any other pension and not to pursue any course of action that would defeat Former Spouse's right to receive a portion of the disposable retired pay of Member. Member agrees not to take any action by merger of his disposable retired pay so as to cause a limitation in the amount of the total disposable retired pay in which member has a vested interest and, therefore, Member will not cause a limitation of Former Spouse's entitlement as described above. Member agrees to indemnify Former Spouse for any breach of this paragraph as follows: If Member becomes employed or otherwise has his entitlement to military retired pay merged, which employment or other condition causes a merger of Member's disposable retired pay, Member will pay, or cause to be paid, directly to Former Spouse a monthly amount equal to the amount provided [elsewhere in this order], under the same terms and conditions as if those payments were made pursuant to the terms of this Order.
16. For purposes of interpreting this Order, "military retirement" includes disposable retired pay to which Member would be entitled to for longevity of active service duty and/or reserve component military service and all payments paid or payable under the provisions of Chapter 38 or Chapter 61 of Title 10 of the United States Code, before any statutory, regulatory, or elective deductions are applied. It also includes all amounts of retired pay Member actually or constructively waives or forfeits in any manner and for any reason or purpose, including, but not limited to, any waiver made in order to qualify for Veterans Administration benefits. It also includes any sum taken by Member in addition to or in lieu of retirement benefits, including, but not limited to, voluntary separation incentive pay, special separation benefits, or any other form of compensation attributable to separation from military service instead of or in addition to payment of the military retirement normally payable to a qualifying retired member.
This order contains the same language used in the final judgment of dissolution entered in Abernethy v. Fishkin, 699 So.2d 235 (Fla.1997). The judgment in Abernethy was, however, entered prior to the award of disability benefits to the former husband. See id. at 237-38. The order in the instant case was entered after the award of disability benefits to the former husband.[1] The former husband argues on appeal that entry of this order violates federal law, as discussed in Mansell v. *1099 Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), and constitutes an impermissible modification of the original consent final judgment. We disagree.
In Mansell, the United States Supreme Court addressed the extent to which state courts "may treat as property divisible upon divorce military retirement pay waived by the retiree in order to receive veterans' disability benefits." Mansell, 490 U.S. at 583, 109 S.Ct. 2023. In Abernethy, the Florida Supreme Court interpreted Mansell as prohibiting military personnel from assigning military disability benefits by settlement agreement and precluding state courts from enforcing such agreements. Abernethy, 699 So.2d at 236. The supreme court in Abernethy explained, "[T]he Court [in Mansell] held that the USFSPA [Uniformed Services Former Spouses' Protection Act] does not grant state courts the power to treat as divisible property military retirement pay which has been waived to receive veteran's disability benefits." Id. at 239.
As in Abernethy, at the time of the initial dissolution decree and equitable distribution of property in this case, the trial court distributed only non-disability military pension benefits. Thus, as the supreme court concluded in Abernethy with regard to the final judgment at issue there, we conclude that the challenged order does not violate the requirement of Mansell that disability benefits should not be considered as marital property during equitable distribution. See Abernethy, 699 So.2d at 239-40.
In Abernethy, the Florida Supreme Court also held that Mansell precluded trial courts from including in dissolution judgments indemnification provisions which require that veterans' disability benefits be the source of payments to the nonmilitary spouse in the event the military spouse waives retirement benefits in favor of veterans' disability benefits. See id., at 240; see also Longanecker v. Longanecker, 782 So.2d 406, 408 (Fla. 2d DCA 2001). Thus, Mansell, as interpreted in Abernethy, requires an analysis with regard to whether the indemnification provision in the order on appeal requires the former husband to satisfy, with proceeds from his veterans' disability benefits, his obligation to pay the former wife her lost distribution in his military retirement benefits. Paragraph 1 of the Qualifying Court Order, quoted above, creates a direct obligation on the part of the former husband to pay the former wife's share of his retirement benefits from "disposable retired pay." The United States Supreme Court in Mansell said that disability benefits are not disposable retired pay. See Mansell, 490 U.S. at 589, 109 S.Ct. 2023. Paragraph 16 of the order quoted above, however, creates an ambiguity in the order as to whether the former husband's disability retirement benefits are being considered part of the former husband's disposable retired pay. To the extent the order may be interpreted to create an obligation on the part of the former husband to use his disability retirement benefits to satisfy his indemnification obligation to the former wife, we consider the order to have no legal effect. Pursuant to this determination, the order on its face does not violate the dictates of Mansell as interpreted in Abernethy. As there is no transcript of the evidentiary proceedings to support the former husband's argument that his indemnification obligation would have to be satisfied with proceeds from his disability retirement benefits, there is no validity to the argument that the order as applied violates the dictates of Mansell as interpreted in Abernethy.
The order also appears to require the former husband to indemnify the former wife for any reductions in his military retirement pay. Such indemnification does not violate the dictates of Mansell. See Abernethy, 699 So.2d at 240; Scheidel *1100 v. Scheidel, 129 N.M. 223, 4 P.3d 670, 673-74 (N.M.Ct.App.2000).[2]
The supreme court in Abernethy stated that there was a second feature of the final dissolution judgment in that case which made it enforceable:
Second, the final judgment contained an indemnification provision which merely enforced the parties' property settlement agreement rather than dividing disability benefits. The indemnification provision clearly indicated the parties' intent to maintain level monthly payments pursuant to their property settlement agreement. Specifically, the provision precluded Abernethy from merging his retirement with another pension or pursuing any course of action which would defeat Fishkin's right to receive a portion of his "full net disposable retired or retainer pay." The provision also protected the wife's right to receive the property or the value of the property she had been allocated in the property settlement agreement by requiring Abernethy to indemnify Fishkin if he breached this provision. Most significantly though, the indemnification provision achieved both of these purposes without requiring that the indemnification funds come from disability benefits. Abernethy could pay Fishkin with any other available assets and, consequently, we conclude the final judgment did not violate Mansell.

Abernethy, 699 So.2d at 240 (internal citations omitted). Although this portion of the Abernethy decision discusses that portion of the Mansell decision relating to the utilization of disability benefit to satisfy a retirement obligation to a former spouse, the portion of this discussion in Abernethy relating to indemnification being contemplated by the original final dissolution judgment is not required by Mansell or federal law. Rather, this portion of the Abernethy discussion on indemnification relates only to whether the relief granted in the subsequent proceeding constitutes mere enforcement of the original dissolution judgment or an illegal postjudgment modification of the division of property.
In the instant case, the dissolution judgment did not contain specific indemnification language as was contained in the Abernethy dissolution judgment. The dissolution judgment here, however, did specifically award the former wife half of the former husband's pension benefits earned during the marriage, specifically reserved jurisdiction to enter necessary orders to distribute the former wife's share of those pension benefits, and reserved jurisdiction to enforce the terms of the final dissolution judgment. In a remarkably similar case, a California appeals court stated that allowing a former wife to continue to receive the percentage of the husband's military retirement pay awarded to her in their dissolution judgment would not violate the precepts of Mansell and would merely constitute enforcement of the parties' intent at the time of the dissolution agreement. See Krempin v. Krempin, 70 Cal.App.4th 1008, 83 Cal.Rptr.2d 134, 141-43 (1999). A Florida court recently reached a similar conclusion even though the original order contained no specific indemnification provision. See Longanecker v. Longanecker, 782 So.2d 406, 408 (Fla. 2d DCA 2001). Florida law and policy considerations allow us to reach the same result as the California court and the Florida Second District Court of Appeal.
A trial court may not, in the guise of an enforcement proceeding, readdress *1101 the distribution of property when the property has been previously distributed, see DeSantis v. DeSantis, 714 So.2d 637, 638 (Fla. 4th DCA 1998); Thruston v. Conley, 693 So.2d 1070 (Fla. 4th DCA 1997), nor may the trial court reallocate property based on an involuntary change in circumstances. A trial court, however, retains jurisdiction to enforce a final dissolution judgment. See Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994). Where a party only seeks to receive what is contemplated by the property settlement agreement incorporated into the final dissolution judgment, the relief sought is enforcement rather than modification. See id. at 1121; see also Dickinson v. Dickinson, 746 So.2d 1253 (Fla. 5th DCA 1999). Therefore, a trial court may order an equivalent benefit as part of an enforcement action where one spouse takes a voluntary action which defeats the intent of the parties. See Longanecker, 782 So.2d at 407-08.[3]
As recognized in Abernethy, the key issue is whether the parties intended to maintain level monthly payments pursuant to their property settlement agreement. See Abernethy, 699 So.2d at 240. In Abernethy, the requisite intent was established by the inclusion in the dissolution judgment of the indemnification provision, but as the California court recognized, while a party's claim may be stronger if there is an explicit indemnification provision, the absence of an indemnity agreement is not fatal "where the parties' agreement otherwise indicates that such protection was intended." Krempin, 83 Cal.Rptr.2d at 142. Accord Longanecker, 782 So.2d at 408. The retention of jurisdiction in the final dissolution judgment, the waiver of alimony, and the award of a percentage of the former wife's retirement to the former husband all evidence an intent to have the former wife receive a level periodic payment from the former husband in return for not pursuing alimony.
The equity of the result reached by the trial court in this case is undeniable. The United States Supreme Court in Mansell recognized that waivers of retirement pay in favor of veterans' disability benefits are not uncommon since disability benefits are exempt from taxation, and military retirees who waive their retirement pay in favor of disability benefits increase their after tax income. See Mansell, 490 U.S. at 583-84, 109 S.Ct. 2023. A party who enhances their financial position by inducing a settlement in a dissolution proceeding, at least in part, by offering a set portion of their pension to their spouse, should not then be able to defeat the rights of their former spouse in that settlement agreement through their voluntary action. This is especially so when the voluntary action is taken within one year of the settlement agreement.
KAHN and BENTON, JJ., concur.
NOTES
[1] As discussed herein, the legal effect of the order in this case is unclear.
[2] Unlike Abernethy, however, the present order was entered after the former husband was awarded disability retirement benefits. The question of whether the present order requires indemnification for benefits which were previously waived is not raised in this appeal and is, therefore, not addressed by this opinion.
[3] Both parties appear to agree that the former husband's action in taking disability retirement was voluntary.