VAN NORTWICK, J.,
dissenting.
Based on the doctrine of law of the case, the majority opinion reverses the trial court’s order denying a motion to revisit the entire equitable distribution scheme contained in the parties 1993 final judgment of dissolution of marriage. In the prior appeal in this matter, Wise v. Wise, 765 So.2d 898 (Fla. 1st DCA 2000) (Wise I), the former wife did not challenge the overall equitable distribution scheme or argue the necessity to revisit the scheme. As a result, I conclude that our language in Wise I that “the lower court has authority to revisit the equitable distribution in this case” is pure dicta and, thus, the doctrine of law of the case does not apply. Accordingly, I respectfully dissent.

Doctrine of Law of the Case

In its most recent pronouncement on the doctrine of law of the case, the Florida Supreme Court held that the doctrine “bars consideration only of those legal issues that were actually considered and decided in a former appeal.” Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 107 (Fla.2001). In Juliano, the court reaffirmed its holding in U.S. Concrete Pipe v. Bould, 437 So.2d 1061, 1063 (Fla.1983), in which the court had limited the doctrine “to rulings on questions of law actually presented and considered on a former appeal.” Juliano, 801 So.2d at 106. (Emphasis in original). The court resolved any possible confusion with Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla.1976), where the court appeared to suggest that the law of the case also applied where an issue could have been raised in the prior appeal, but was not raised. The Juliano court explained:
To the extent that Airvac has been construed broadly to stand for the proposition that the law of the case doctrine bars consideration of issues that were neither raised by the parties nor decided by the appellate court in the prior appeal, it is in conflict with our subsequently decided case of U.S. Concrete, which restricts application of law of the case to issues that were decided in a prior appeal. Therefore, we recede *890 from Airvac to the extent that it is inconsistent with U.S. Concrete. '
Juliano, 801 So.2d at 107.
Thus, for the doctrine of law óf the case to apply, the issue must have been raised as an'issue or expressly argued by one of the parties in a prior appellate proceeding in the same case and must have been actually considered by the appellate court. See also McBride v. State, 810 So.2d 1019, 1022 (Fla. 5th DCA 2002), rev. granted, No. SC02-627, 825 So.2d 935 (Fla. Aug. 20, 2002).
Wise I involved an appeal from an order in enforcement action and not a direct appéal of the final judgment of dissolution. The only issue raised in Wise I was whether the application of certain federal statutes precluded compliance with the 1993 final judgment that required the former husband to name the former wife as the beneficiary under the armed forces benefit plan. Upon reviewing the briefs filed in Wise I,[1] it is clear that the parties did not challenge the overall equitable distribution scheme or argue that the trial court should or could revisit the entire equitable distribution scheme on remand. In the Wise I opinion, this court gratuitously stated that the trial court could revisit equitable distribution, apparently to avoid a harsh result. The Wise I panel’s advice concerning revisiting ' ■ the equitable distribution scheme was not necessary to a disposition of the appeal in Wise I. See Hart v. Stribling, 25 Fla. 435, 6 So. 455, 459 (1889). As a result, the statement in Wise I that “it is apparent that an annuity was awarded to the former wife as part of the overall scheme of equitable distribution in the final judgment” and that, therefore, “the lower court has authority to revisit the equitable distribution in this case or otherwise effect the terms of the dissolution judgment,” Wise I, 765 So.2d at 901, is pure dicta. See Myers v. Atlantic Coast Line Railroad Co., 112 So.2d 263, 267 n. 6 (Fla.1959)(“The dictum of the reviewing court is not within the rule of the law of the case and is, therefore, not conclusive on a subsequent appeal”).

Doctrine of Res Judicata

Even though doctrine of law of the case may not grant the trial court authority to revisit the equitable distribution scheme, may the trial court nevertheless revisit the overall equitable distribution scheme under the current circumstances? I agree with the trial court that the doctrine of res judicata under established Florida precedent bars the trial court from revisiting the parties’ property rights on remand of a proceeding that sought to enforce the 1993 final judgment. See Davis v. Dieujuste, 496 So.2d 806, 809 (Fla.1986); Finston v. Finston, 160 Fla. 935, 37 So.2d 423, 423-24 (1948). Thus, in my view, the trial court was correct in denying the former wife’s motion to revisit the parties’ equitable distribution scheme on the basis of Davis and Finston.
In Finston, the final judgment of dissolution was affirmed by the Florida Supreme Court on March 30, 1948. See Finston v. Finston, 160 Fla. 343, 34 So.2d 745 (1948). In August 1948, the former husband petitioned the trial court for a supplementary final decree which would have required the former wife to release or waive her rights to certain property. The trial court denied the former wife’s motion to dismiss the petition on res judicata grounds. On review, the Supreme Court concluded that the parties’ property rights had been at issue before the trial court at *891 the time the final divorce judgment was entered and held that the petition for supplementary final decree seeking further adjudication of property rights was barred by the doctrine of res judicata. The Court explained:
The rule seems well settled that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights.... It further appears from the pleadings in the main suit that the property rights in question were before the court when the final decree was entered and were adjudicated, so the doctrine of res adjudicata was a proper defense to raise here and should have been permitted. (citations omitted)
Finston, 37 So.2d at 423-424. In Davis, 496 So.2d at 809-810, the Florida Supreme Court reiterated the principle announced in Finston, holding that
where a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations.
This court has followed Davis in a similar case. See Love v. Love, 770 So.2d 256 (Fla. 1st DCA 2000)(court could not modify final judgment of dissolution entered several years earlier to equitably distribute the former husband’s military retirement benefits).
I recognize that in Juliano the court explained that, under the doctrine of res judicata, a judgment on the merits in a former suit bars a subsequent action between the same parties on the same cause of action, Juliano, 801 So.2d at 105, and that, thus, “[wjhere successive appeals are taken in the same case there is no question of res judicata, because the same suit, and not a new and different one is involved.” Id. (citing Beverly Beach Props., Inc. v. Nelson, 68 So.2d 604, 607 (Fla.1953)). Both Juliano and Beverly Beach involved questions of the application of the doctrine of res judicata on successive appeals in the same continuous proceeding. Neither Ju-liano nor Beverly Beach involved the question of whether res judicata applied to a subsequent enforcement action, filed in the same docket number substantially after the final judgment has become final, in which a party raises issues regarding division of property rights that were adjudicated in the final judgment of dissolution. Thus, I do not believe that the Juliano court intended to overturn the long line of Florida authority, including Finston, founded on the doctrine of res judicata, which holds that, in a dissolution action, courts are barred from modifying a final adjudication of property rights in a subsequent proceeding, even though the action is filed in the same docket as the dissolution action. De Santis v. De Santis, 714 So.2d 637, 638 (Fla. 4th DCA 1998)(“Once the final judgment awarded each party the interest in his or her own pension plan, those assets were no longer marital property but the sole property of the individual spouse.” Therefore, trial court could not enter qualified domestic relations order (QDRO) against the wife’s pension plan to enforce the provision in the final judgment that she make a payment to her former husband as part of that property division.); Thruston v. Conley, 693 So.2d 1070 (Fla. 4th DCA 1997)(“re-shuffling of property rights, which were settled in final judgment of dissolution” is error even though styled as an enforcement proceeding); see, e.g., Hamilton v. Hamilton, 508 So.2d 760, 761 (Fla. 1st DCA 1987)(“Beeause this is an appeal from denial of modification, not *892 an appeal from the final judgment of dissolution that effected equitable distribution of marital assets, neither the trial court nor this court can reach back and modify the original judgment to effect a different distribution of property rights, including the former husband’s military pension benefits”); see also Vandervoort v. Vandervoort, 277 So.2d 43, 45 (Fla. 3d DCA 1973) quoting Mabson v. Christ, 96 Fla. 756, 119 So. 131, 133 (Fla.1928)(“While a court of equity retains the power to modify by subsequent order the time or manner of the enforcement of a final decree ... after it has become final and absolute under our rules, it does not retain the power to amend, modify or alter the principles of such final decree.”); compare Janovic v. Janovic, 814 So.2d 1096, 1101 (Fla. 1st DCA 2002)(a court, as part of an enforcement proceeding, may order a different but equivalent benefit to that provided in the final judgment of dissolution “where one spouse takes a voluntary action which defeats the intent of the parties” in then-property settlement agreement (emphasis supplied)).
I acknowledge the apparent harshness of the result here.[2] The instant case does not involve one party taking a voluntary action which defeats the terms of the final judgment’s disposition of property rights. Compare Janovic, 814 So.2d at 1100-01. It would appear that, unfortunately, no one involved in this dissolution proceeding realized in 1993 that federal law prohibited the manner by which the final judgment addressed the benefits under the armed forces benefit plan. See Juliano, 801 So.2d at 105 (“the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised.... ”). The case before us should serve to emphasize that specialized knowledge is required to represent a party in a dissolution proceeding in which one party is in the military. See, e.g., Peter Cushing, The Ten Commandments of Military Divorce: Representing the Non-Military Spouse, Part I, 69 Fla. B.J. 66 (July/August 1995). Although I would prefer the applicable law to be otherwise, I must conclude that, under Juliano and Finston, both the trial court and we are constrained in our authority to reopen the equitable distribution scheme.
For the above reasons, I respectfully dissent.

. This court may take judicial notice of its own records in Wise I. McNish v. State, 47 Fla. 69, 36 So. 176 (1904).

. I am not unaware of the case law which suggest that res judicata will not be applied where it will work an injustice. Appellant, however, does not argue that the manifest injustice exception should be applied here. Our research does indicate that a manifest injustice exception to the doctrine of res judi-cata has been applied in workers' compensation cases, see, e.g., deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973); City of Miami v. Knight, 554 So.2d 549 (Fla. 1st DCA 1990); Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982); in certain types of paternity litigation, State Dep’t of Revenue Office of Child Support Enforcement v. Redding, 685 So.2d 1000 (Fla. 3d DCA 1997), and other limited situations. See, e.g., Universal Constr. Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla.1953). I have found no authority, however, for the proposition that a party can avoid the res judicata effect of a final judgment of dissolution disposing of the parties’ property rights by bringing a subsequent action after the final judgment of dissolution becomes final and arguing that manifest justice requires that the equitable distribution scheme be revisited. While the parties were mistaken in 1993, when the settlement was reached and the final judgment entered, that the husband could change the beneficiary of his armed forces benefit plan, in my view, this mistake should have been addressed pursuant to rule 1.540(b), Florida Rules of Civil Procedure, within one year of the 1993 final judgment. See Seiffert v. Seiffert, 702 So.2d 273, 275 (Fla. 1st DCA 1997).