WEBSTER, J.
The former wife seeks review of the trial court’s denial of her motion to enforce the consent final judgment of dissolution of marriage by ordering the former husband to indemnify her after he waived a portion of his military retirement pay so that he might receive veterans’ disability benefits. Because the former husband unilaterally reduced the amount of retirement pay awarded to the former wife in the consent final judgment, the former wife claims that she is entitled to an equivalent benefit as part of an action to enforce the consent final judgment. We agree. Accordingly, we reverse and remand for further proceedings.
In 2002, the trial court entered a consent final judgment of dissolution of marriage which was based on the parties’ mediated settlement agreement and provided that the parties waived the right to receive alimony, the former wife would receive 42.5 percent of the former husband’s military retirement pay upon his retirement, and jurisdiction would be reserved “to modify and enforce th[e] final judgment to the full extent permitted by law.” When the former husband retired in June 2006, he waived a portion of his military retirement pay in order to receive veterans’ disability benefits, effectively reducing the amount of retirement pay received by the former wife. In October 2006, the former wife filed a motion for enforcement which requested that the former husband be ordered to pay her the full amount of her vested interest in his military retirement pay. Although conceding that the result was inequitable, the trial court concluded that there was no authority allowing it to enforce the consent final judgment by ordering the former husband to indemnify the former wife after he waived a portion of his military retirement pay in order to receive veterans’ disability benefits. This appeal follows.
*137 The United States Supreme Court has held that while states have authority under federal law to divide disposable retired or retainer pay, they do not have the power to treat as divisible property military retirement pay which has been waived to receive veterans’ disability benefits. Mansell v. Mansell, 490 U.S. 581, 589, 595, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Even if the parties enter into a settlement agreement to divide veterans’ disability benefits, such an agreement is unenforceable because it is preempted by federal law. Abernethy v. Fishkin, 699 So.2d 235, 239 (Fla.1997). However, this does not prevent the enforcement of an indemnification provision which provides for alternative payments from non-disability sources to compensate for the reduction in military retirement benefits divided as part of the property settlement agreement. Id. at 240. Furthermore, even in the absence of an express indemnification provision, the trial court may order an equivalent benefit as part of an action to enforce a property settlement agreement if one spouse commits a voluntary act which defeats the intent of the parties. Padot v. Padot, 891 So.2d 1079, 1081-84 (Fla. 2d DCA 2004); Janovic v. Janovic, 814 So.2d 1096 (Fla. 1st DCA 2002). See also Longanecker v. Longanecker, 782 So.2d 406 (Fla. 2d DCA 2001).
The former husband correctly notes that neither the mediated settlement agreement nor the consent final judgment contains an indemnification provision or awards a specific dollar amount in retirement benefits. However, this is not fatal to the former wife’s enforcement action. In Janovic, this court held that the trial court could enforce a consent final judgment by ordering the former husband to indemnify the former wife after the former husband waived a portion of his military retirement pay in favor of veterans’ disability benefits even though the final judgment did not contain an indemnification provision or award a specific dollar amount in military retirement benefits. 814 So.2d at 1100-01. Rather, we explained that the key issue was whether the parties intended to maintain level monthly payments pursuant to their settlement agreement. Id. at 1101. We concluded that the retention of jurisdiction in the final judgment of dissolution of marriage, the waiver of alimony, and the award of a percentage of the former husband’s military retirement to the former wife constituted evidence of an intent to have the former wife receive a level periodic payment in return for not receiving alimony. Id. Similarly, the consent final judgment in this case includes a retention of jurisdiction, a waiver of alimony, and an award of a percentage of the former husband’s military retirement to the former wife which constitutes evidence of an intent to have the former wife receive a level periodic payment in return for not pursuing alimony.
In light of Janovic, the trial court erred in concluding that there was no authority to enforce the consent final judgment by ordering the former husband to indemnify the former wife after he waived a portion of his military retirement pay so that he might receive veterans’ disability benefits. Accordingly, we reverse the trial court’s order denying the former wife’s motion for enforcement and remand for further proceedings. On remand, the trial court should order the former husband to indemnify the former wife if it finds that he can do so from a source other'than his veterans’ disability benefits.
REVERSED and REMANDED with directions.
ALLEN and VAN NORTWICK, JJ„ concur.