FILED

Jun 26 2018, 5:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Nicholas Dandurand
Gilley Dandurand & Summerfield Law
Group, LLP
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Kathleen M. Meek
Justin T. Bowen
Bowen & Associates, LLC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Russell McCallister,

*Appellant-Respondent,*

v.

Angela McCallister,

*Appellee-Petitioner.*

June 26, 2018

Court of Appeals Case No.
49A02-1704-DR-887

Appeal from the Marion Superior
Court

The Honorable Patrick J. Dietrick,
Judge

The Honorable Caryl F. Dill,
Magistrate

Trial Court Cause No.
49D12-1606-DR-19232

**Friedlander, Senior Judge.**

[1]     Russell McCallister appeals the trial court's order finding him in contempt of
court, directing him to reinstate his former wife, Angela McCallister, as the
beneficiary of his Survivor Benefit Plan, and ordering him to pay Angela's
attorney fees. Concluding the trial court correctly determined that Russell

violated the parties' Marital Settlement Agreement, but constrained by the federal statutes which prevent the enforcement of the trial court's order, we are compelled to reverse and remand in part and affirm in part.

Russell raises three issues for our review, which we restate as:

> 1. Whether the trial court erred in ordering Russell to reinstate Angela as the beneficiary under his Air Force Survivor Benefit Plan.
>
> 2. Whether the trial court erred in finding Russell in contempt of court.
>
> 3. Whether the trial court erred in ordering Russell to pay Angela's attorney fees.

Russell and Angela married on June 11, 1983. For the duration of the marriage, Russell served on active duty in the United States Air Force. After more than twenty years of marriage, Angela filed a petition for dissolution. On November 15, 2011, the parties executed a Marital Settlement Agreement providing for the disposition of their property. The Agreement included a clause that Russell would designate Angela as his beneficiary under the Air Force Survivor Benefit Plan ("SBP") and that he would execute all necessary paperwork and provide documentation that he had done so. Specifically, paragraph 19 of the parties' Agreement provided:

> 19. SURVIVOR'S BENEFIT PLAN. Upon his retirement, the Husband shall designate his Wife as his beneficiary under the Air Force Survivor's Benefit Plan as specifically authorized in the "Uniformed Services Former Spouses' Protection Act" Public Law 97-252, and all amendments thereto, to the extent of her interest in the Husband's Military Retired pay. The Husband

shall, within 15 days of the date of execution of this agreement, execute and forward to proper authorities, whatever documents may be required to effectuate the provisions of this paragraph. The Husband shall provide the Wife with copies of all such documents within such 15 day period. A copy of the Final Judgment of Dissolution of Marriage incorporating this agreement shall be [sic] also be sent directly to the Defense Finance and Accounting Service in order to qualify as a "deemed election" of the Survivor Benefit Plan.

Appellant's Appendix Vol. 2, pp. 55-56. On November 16, 2011, Russell signed a form designating Angela as the beneficiary of his SBP. The parties' Agreement was incorporated into a divorce decree dated December 2, 2011.

[4] On December 22, 2012, Russell remarried. In June 2013, he changed the beneficiary of his SBP from Angela to his current wife. Angela did not learn that she was no longer the beneficiary of Russell's SBP until May 2016. Upon learning this information, Angela filed a motion for rule to show cause with the trial court. The court held a hearing on Angela's motion and subsequently issued an order holding Russell in contempt of court for violating the Marital Settlement Agreement by removing Angela as the beneficiary of his SBP, ordering Russell to reinstate Angela as the beneficiary, and ordering Russell to pay Angela's attorney fees. Russell filed a motion to correct error, which the trial court denied. This appeal ensued.

## 1. Reinstatement of Beneficiary

[5] Russell first contends the trial court erred by ordering him to reinstate Angela as the beneficiary of his SPB. He asserts that, pursuant to the applicable federal

statutes, Angela's time frame for SPB former spouse eligibility has expired and, therefore, she is just simply out of luck.

[6] SBP was created by Congress in 1972 to provide an annuity payable to survivors of a retired military service member upon the service member's death. *Silva v. Silva*, 333 S.C. 387, 509 S.E.2d 483 (Ct. App. 1998); *see generally* 10 U.S.C. §§ 1447-1455. Under the plan, premiums are deducted from the service member's retirement pay, and, when the service member dies, payments go to the service member's designated beneficiary. *Holmes v. U.S.*, 98 Fed. Cl. 767 (2011). A former spouse can be a service member's designated beneficiary, and such a designation is accomplished in one of two ways. *See* 10 U.S.C. § 1448(b)(2), (3). First, the service member can elect a former spouse as beneficiary by submitting a written, signed election to the appropriate government Secretary within one year after the date of the divorce decree. *See* 10 U.S.C. § 1448(b)(3)(A)(iii). Second, if the service member is required, such as under a court order, to elect a former spouse as beneficiary and fails or refuses to do so, the former spouse can, within one year of the date of the divorce decree, file with the appropriate government Secretary a written request that an election be deemed to have been made designating the former spouse as beneficiary along with a copy of the pertinent court order. *See* 10 U.S.C. § 1450(f)(3). Thus, under the applicable statutory framework, a court-ordered election of a former spouse as beneficiary may be made either by the service member or the former spouse; however, in both instances the election must be made within one year of the court order directing the election. Further, the

SBP annuity is not assignable or subject to execution, levy, attachment, garnishment, or other legal process. 10 U.S.C. § 1450(i).

[7] It appears no Indiana case has addressed the precise question posed here: whether, at the present time, it is possible to designate Angela as the beneficiary of Russell's SBP. Where no Indiana case has addressed an issue, we may look to decisions from other jurisdictions for guidance. *DiMaggio v. Rosario*, 950 N.E.2d 1272 (Ind. Ct. App. 2011), *trans. denied*. To that end, we note the decision of the District Court of Appeal of Florida in *Wise v. Wise*, 25 Fla. L. Weekly D2107, 765 So. 2d 898 (Fla. Dist. Ct. App. 2000). There, husband retired from the military while he and wife were still married. They elected to participate in the SBP and designate their then minor daughter as the beneficiary. When husband and wife later divorced, the final judgment of dissolution required husband to elect wife as beneficiary of his SBP. Despite wife's repeated requests, husband failed to comply with this requirement, and, six years later, wife filed a motion for contempt and enforcement of the final judgment of dissolution. Following a hearing, the trial court ordered husband to complete the necessary paperwork for designation of wife as beneficiary of his SBP.

[8] Husband appealed the decision of the trial court, and the Florida court of appeals reversed, stating it was "compelled to reverse" because the applicable federal law prevented the enforcement of the trial court's order. *Id.* at 899. The appellate court explained that the language of the federal statutes concerning SBPs as well as the comments in their legislative history do not permit a

revocation of child-only SBP coverage to provide an annuity for a former spouse. The court stated further that even if the court-ordered change of beneficiary could have been accomplished at the time of dissolution, such a change was no longer possible because it was past the one-year time limit for both an election of the former spouse as beneficiary by the service member and a request by the former spouse that an election be deemed to have been made under 10 United States Code sections 1448(b)(3)(A)(iii) and 1450(f)(3), respectively. Consequently, despite the requirement in the dissolution decree, wife could not obtain SBP coverage. *See also King v. King*, 225 Ga. App. 298, 483 S.E.2d 379 (1997) (holding that, although generally state law rather than federal law controls domestic relations matters, federal law preempted state law where Congress enacted specific conditions under which former spouse awarded SBP benefits in state court divorce decree may be elected beneficiary of annuity under SBP); *Silva*, 509 S.E.2d 483 (finding reasoning in *King* persuasive and affirming trial court's refusal to impose constructive trust on SBP proceeds where former husband failed to complete paperwork necessary to designate former wife as beneficiary pursuant to agreement in divorce decree and former wife did not take necessary steps to insure she was deemed beneficiary).

[9]     Notably, the Florida appellate court stated that its reversal of the trial court's order did not end the matter:

> Like other retirement plans, military retirement benefits, including a Survivor Benefit Plan, are considered marital assets

subject to equitable distribution. As has been shown, federal law expressly empowers state courts to order a spouse to maintain a Survivor Benefit Plan for a former spouse, and that was done in this case in the 1993 dissolution judgment. In the instant case, it is apparent that an annuity was awarded to the former wife as part of the overall scheme of equitable distribution in the final judgment. Accordingly, the lower court has authority to revisit the equitable distribution in this case or otherwise effect the terms of the dissolution judgment.

*Wise*, 765 So. 2d at 901 (citations omitted).

[10] In the present case, Russell voluntarily entered into the Agreement to designate Angela as the beneficiary of his SBP. At the hearing on Angela's motion for rule to show cause, Russell testified that upon signing the Agreement on November 15, 2011, he then submitted paperwork the next day designating Angela as the beneficiary of his SBP. Angela testified that her attorney at the time apparently received some paperwork and told her there was nothing more she needed to do. At the time of the designation on November 16, however, Russell and Angela were still married. Their divorce was not finalized until December 2, 2011, after which Russell failed to comply with the court's order and execute the necessary forms to ensure that Angela, as a now former spouse, was designated as beneficiary. Nonetheless, Angela remained listed as the beneficiary of Russell's SBP.

[11] In December 2012, Russell remarried, and, in June 2013, he changed the SBP beneficiary designation from Angela to his current wife. Russell's action of removing Angela as beneficiary is a clear violation of the terms of the parties' Agreement. In addition, no evidence was presented that Russell made any

attempt to inform Angela that she was no longer the designated beneficiary on his SBP. In fact, it was not until three years later, in May 2016, that Angela received information from a third party that she was not the designated beneficiary on Russell's SBP.

[12] We find the holdings in *Wise* and *King* to be sound. Accordingly, we conclude that based on the facts of this case and the specific provisions of the SBP enacted by Congress, the trial court's order directing Russell to reinstate Angela as the beneficiary of his SBP cannot be enforced despite Russell's violation of the terms of the Agreement. Thus, because Russell failed to comply with the divorce decree and the SBP statutory deadline of one year for election of a former spouse as beneficiary and Angela did not request within one year that an election be deemed, Angela cannot now obtain beneficiary status with regard to Russell's SBP.

[13] Having determined that the trial court's order cannot be carried out, we further acknowledge that the SBP annuity was awarded to Angela as part of an agreed upon distribution of the parties' assets. Accordingly, it is necessary to remand to the trial court for a determination of the value of Angela's portion of Russell's SBP, and we grant the trial court the authority to reconsider the distribution of the parties' assets in order to fashion an alternative remedy to compensate Angela for the loss of her portion of Russell's SBP. *See Heldmyer v. Heldmyer*, 15 Fla. L. Weekly D330, 555 So. 2d 1324 (Fla. Dist. Ct. App. 1990) (remanding to trial court for determination of value of former wife's portion of

military pension and for complete reevaluation of property distribution in order to compensate former wife for loss of her portion of pension).

## 2. Finding of Contempt

Russell argues the trial court abused its discretion by finding him in contempt. Whether a party is in contempt of a court order is a matter left to the trial court's discretion. *Akiwumi v. Akiwumi*, 23 N.E.3d 734 (Ind. Ct. App. 2014). On appeal, we will reverse the trial court's finding of contempt only for an abuse of that discretion—that is, when the decision is against the logic and effect of the facts and circumstances before it. *Id.* Further, upon review of a finding of contempt, we neither reweigh the evidence nor judge the credibility of the witnesses., and we consider only the evidence and reasonable inferences in support thereof. *Bandini v. Bandini*, 935 N.E.2d 253 (Ind. Ct. App. 2010).

To be held in contempt for failing to comply with a court order, a party must have willfully disobeyed the order. *Id.* The court order must be so clear and certain that there could be no question as to what the party must do or not do, such that there could be no question regarding its violation. *Id.* Accordingly, a party may not be held in contempt for failing to comply with an ambiguous or indefinite order; if such were the case, a party could be held in contempt for obeying an ambiguous order in good faith. *Id.*

Here, the trial court's basis for finding Russell in contempt is his failure to designate Angela as the beneficiary of his SBP. The unambiguous language of the parties' Agreement required Russell to designate Angela as his beneficiary

under his SBP and to execute all necessary paperwork and provide documentation that he had done so. Russell acknowledged that he failed to file the proper documentation following the finalization of the parties' divorce in December 2011. Furthermore, he admitted that in June 2013, when Angela was still listed as the beneficiary of his SBP, he replaced her with his current wife.

[17] Russell claims that he was confused by the use of the term "Wife" in the Agreement such that he did not know if it referred to his former wife, Angela, or his current wife. He argues to this Court that "The Agreement did not . . . explicitly provide that Husband shall elect 'former spouse' coverage. Given the resulting implications of the 'spouse' versus 'former spouse' distinction, Paragraph 19 of the Agreement is evidently ambiguous, and it would violate the spirit of the law to hold Husband in contempt 'for obeying an ambiguous order in good faith.'" Appellant's Br. p. 15.

[18] We reject this disingenuous argument. Under the heading "RECITATIONS," the first page of the Agreement states that "The Husband is **RUSSELL E. McCALLISTER.** The Wife is **ANGELA K. McCALLISTER.**" Appellant's App. Vol. 2, p. 47. In addition, Russell clearly knew the Agreement distributed the property of his marriage to Angela to whom he was married at the time he signed it. Moreover, not only did Russell fail to do what he was obligated to do under the Agreement, but also he intentionally neglected to notify Angela when he removed her as the beneficiary and replaced her with his current wife. The

evidence unequivocally shows that Russell willfully disobeyed the court's unambiguous order. Therefore, we find no abuse of the trial court's discretion.

## 3. Attorney Fees

[19] Trial courts in this state have inherent authority to award attorney fees for civil contempt. *Reynolds v. Reynolds*, 64 N.E.3d 829 (Ind. 2016). This authority stems from the court's power to enforce compliance with its orders and decrees. *In re Paternity of Pickett*, 44 N.E.3d 756 (Ind. Ct. App. 2015). Further, once a party is found in contempt, the trial court has the authority to compensate the aggrieved party for losses and damages resulting from another's contemptuous actions, including the award of attorney fees. *Id.*

[20] The trial court ordered Russell to pay $3,000.00 of Angela's attorney fees as sanctions for his contempt. At the hearing, an affidavit of Angela's attorney setting forth her attorney fees in this matter was admitted without objection. Having determined that Russell willfully failed to abide by the parties' Agreement, thereby causing Angela to file a motion for rule to show cause and incur attorney fees, we find the trial court did not abuse its discretion in ordering Russell to pay $3,000.00 of Angela's attorney fees.

[21] For the reasons stated, we conclude the action of reinstating Angela as beneficiary of Russell's SBP as ordered by the trial court cannot be accomplished under the applicable federal law; therefore, we reverse and remand with instructions for the trial court to fashion an appropriate remedy to compensate Angela for the loss of her portion of Russell's SBP. In addition, we

affirm the trial court's finding of contempt against Russell and its imposition of sanctions for such.

[22] Judgment reversed and remanded in part and affirmed in part.

May, J., and Altice, J., concur.