A96A2393. KING et al. v. KING.
(483 SE2d 379)

ANDREWS, Chief Judge.

After Henry J. King died in 1994, Sarah E. King, Mr. King's former spouse from whom he was divorced in 1985, brought an action against Joyce L. King,[1] Mr. King's surviving spouse, seeking the imposition of a constructive trust over annuity benefits being paid to Joyce King pursuant to Mr. King's participation in the Survivor Benefit Plan (SBP) (10 USC §§ 1447-1455) as a United States Air Force retiree. Sarah King alleged that she was the rightful beneficiary of the SBP annuity benefits, which commenced at Mr. King's death, because the 1985 divorce decree between her and Mr. King incorporated a written agreement between them providing that she would receive the annuity paid pursuant to the SBP. However, after the divorce, neither Mr. King nor Sarah King took the steps necessary under the provisions of the SBP to notify the applicable military authority of the divorce agreement to implement an election designating Mr. King's former spouse as the beneficiary of the SBP annuity. Accordingly, after Mr. King died, the Air Force, acting pursuant to the provisions of the SBP, commenced making the annuity payments to Mr. King's surviving spouse, Joyce King. After a bench trial, the trial court concluded that, since the SBP annuity was

---

[1] The suit also named Joyce King in her capacity as executrix of the estate of Mr. King.

awarded to Sarah King as part of the marital property divided pursuant to the divorce decree, she had a right to receive the annuity despite any conflicting provisions of the SBP. On appeal, Joyce King contends that under the provisions of the SBP she was entitled to receive the annuity, and the trial court erred by elevating the provisions of the divorce decree over the provisions of the federal statutory scheme set forth in the SBP for regulating the payment of the survivor's annuity.

Sarah and Henry King were married from 1952 until their divorce in 1985. In 1969 Mr. King retired from the Air Force and began receiving his military retired pay based on his years of service in the Air Force. In addition, Mr. King elected to participate in the SBP, a plan created by Congress in 1972 under which the government withheld a portion of his monthly retired pay to fund (along with government contributions) an annuity payable to his surviving spouse or child at his death. 10 USC §§ 1447-1455. Mr. King made this election when the SBP was enacted in 1972 at which time Sarah King was the designated beneficiary of the annuity as Mr. King's spouse. As originally codified, the SBP had no provision for coverage of a former spouse, and upon a divorce a participant's former spouse, except under limited circumstances, lost SBP coverage. In 1982 Congress passed the Uniformed Services Former Spouses' Protection Act (FSPA), Pub. L. No. 97-252, 96 Stat. 718, 730-738 (1982) (codified in various sections of 10 USC and the subject of various subsequent amendments), which amended the SBP to allow a participant to voluntarily elect to provide annuity coverage for a former spouse at the time the service member became eligible to participate in the SBP. A 1983 amendment to the SBP clarified the authority of a service member who elected to participate in the SBP prior to the enactment of the FSPA to designate a former spouse as the SBP beneficiary. Department of Defense Authorization Act, 1984, Pub. L. No. 98-94, 97 Stat. 614, 652-654 (1983) (codified in part at 10 USC § 1448 (b)). That amendment provided in part that a participant in the SBP who originally designated his spouse as beneficiary, and later divorced the spouse after the 1983 amendment, could voluntarily elect to designate the former spouse as the SBP beneficiary by making that election in writing to the appropriate government Secretary within one year after the date of the divorce. *Matter of: DOD Military Pay and Allowance Committee Action No. 560 — Survivor Benefit Plan — Former Spouse Coverage*, 60 Comp. Gen. 687, 689-690 (1987). The SBP was again amended in 1984 to provide conditions under which a former spouse could be designated by a participant as the SBP beneficiary pursuant to a voluntary written agreement which was incorporated, ratified, or approved in a court-ordered divorce decree. Department of Defense Authorization Act, 1985, Pub. L. No. 98-525,

98 Stat. 2492, 2548 (1984) (codified in part at 10 USC § 1450 (f) (3)). The relevant provisions of the 1984 amendment provided that:

"(3) (A) If a person described in paragraph (2) or (3) of section 1448 (b) of this title enters, incident to a proceeding of divorce, dissolution, or annulment, into a voluntary written agreement to elect under section 1448 (b) of this title to provide an annuity to a former spouse and such agreement has been incorporated in or ratified or approved by a court order, and such person then fails or refuses to make such an election, such person shall be deemed to have made such an election if the Secretary concerned receives a written request, in such manner as the Secretary shall prescribe, from the former spouse concerned requesting that such an election be deemed to have been made and receives a copy of the court order, regular on its face, which incorporates, ratifies, or approves the voluntary written agreement of such person.

"(B) An election may not be deemed to have been made under subparagraph (A) in the case of any person unless the Secretary concerned receives a request from the former spouse of the person before October 1, 1985, or within one year of the date of the court order involved, whichever is later." 10 USC § 1450 (f) (3) (A), (B) (as codified in 1984).

Although the SBP was further amended in 1986 to provide that a court could order a participant in the SBP to elect SBP coverage for a former spouse, the 1986 amendment applied only to court orders issued after November 14, 1986. Moreover, the 1986 amendment did not alter the requirement that the SBP participant take the further step of designating the former spouse as the SBP beneficiary by making that election in writing to the appropriate government Secretary within one year after the date of the divorce decree (10 USC § 1448 (b)), nor did it eliminate the necessity for the former spouse to take steps under the "deemed election" provisions of 10 USC § 1450 (f) (3) if the SBP participant fails or refuses to make the election under § 1448 (b). National Defense Authorization Act for Fiscal Year 1987, Pub. L. No. 99-661, 100 Stat. 3816, 3885-3886 (1986) (codified in part at 10 USC §§ 1448 (b) and 1450 (f) (3)).

In the present case, Mr. King voluntarily entered into a written agreement to provide Sarah King with former spouse SBP coverage, and the agreement was subsequently incorporated into a divorce decree dated May 29, 1985. As a benefit acquired during the course of the marriage between Sarah and Henry King, the SBP annuity was marital property subject to equitable distribution by the trial court. *Andrews v. Whitaker*, 265 Ga. 76, 77 (453 SE2d 735) (1995); *Courtney v. Courtney*, 256 Ga. 97 (344 SE2d 421) (1986). However, the right to claim entitlement to an SBP annuity is also governed by and subject to conditions set forth in the SBP at 10 USC §§ 1447-1455. It is

undisputed that, after their divorce in 1985 in which Sarah King was awarded the SBP annuity, neither Henry King nor Sarah King complied with the applicable provisions of the SBP governing election of a former spouse as the beneficiary of the annuity. Mr. King failed to comply with the applicable provisions of the SBP which required that within one year of the date of the divorce decree he make a written election to the appropriate government Secretary designating his former spouse as the beneficiary of the SBP annuity. When Mr. King failed to make the election under the SBP, Sarah King was entitled to notify the government Secretary under the "deemed election" provisions of 10 USC § 1450 (f) (3) that she had been designated pursuant to the divorce agreement as the beneficiary of the SBP annuity. Because she failed to do so, no election was ever made under the provisions of the SBP designating Sarah King as the former spouse beneficiary of the annuity. Mr. King married Joyce King on January 11, 1986. Under the applicable SBP provisions, in the absence of any election making Mr. King's former spouse the annuity beneficiary, Joyce King became the designated spouse beneficiary of the SBP annuity after one year of marriage to Mr. King. 10 USC § 1447 (3) (A).[2] Accordingly, the issue is which law controls — the Georgia divorce decree awarding the SBP annuity to Sarah King or the provisions of the SBP under which Joyce King was the beneficiary of the annuity as Mr. King's surviving spouse.

As a general rule, state law rather than federal law controls in the area of domestic relations. " 'State family and family-property law must do "major damage" to "clear and substantial" federal interests before the Supremacy Clause [(U. S. Const., Art. VI, cl. 2)] will demand that state law be overridden. . . . The pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require nonrecognition.' *McCarty v. McCarty*, 453 U. S. [210, 220 (101 SC 2728, 69 LE2d 589) (1981)]." *Stumpf v. Stumpf*, 249 Ga. 759, 760 (294 SE2d 488) (1982). In *McCarty*, supra, the Supreme Court held that, because the application of state community property principles to the allocation of military retirement pay threatened clear and substantial federal interests embodied in the applicable federal statutes governing such pay, the application of such state law was federally preempted. In reac-

---

[2] It appears from the record on appeal that there was no eligible spouse or former spouse SBP beneficiary for a period of time after the 1985 divorce until Mr. King had been remarried for one year. Nevertheless, it also appears that SBP withholding continued to be deducted from Mr. King's military retirement pay in apparent violation of 10 USC § 1452 (a) (3). Since Sarah King was the recipient of Mr. King's retirement pay during this period pursuant to the 1985 divorce decree, there may be a question as to whether she is entitled to a refund of unauthorized deductions. This, however, is not an issue in this appeal.

tion to *McCarty*, Congress changed the federal statutory scheme by enacting the FSPA which was designed in part to remove the effect of *McCarty* by employing a statutory scheme which allowed federal and state courts to apply both community property and equitable distribution principles to military retirement pay. *Mansell v. Mansell*, 490 U. S. 581, 584, n. 2 (109 SC 2023, 104 LE2d 675) (1989); *Powell v. Powell*, 80 F3d 464, 465 (11th Cir. 1996). However, nothing in the FSPA or subsequent amendments grants the same power to the states with respect to the award of annuity benefits for former spouses under the SBP. To the contrary, the provisions of the SBP specifically set forth the conditions under which a former spouse awarded SBP benefits in a state court divorce decree may thereafter be elected as the beneficiary of the annuity under the SBP and become entitled to receive the annuity. Moreover, Congress has declared that an annuity under the SBP "is not assignable or subject to execution, levy, attachment, garnishment, or other legal process." 10 USC § 1450 (i); *McCarty*, supra at 226, n. 18.

The right to the annuity asserted by Sarah King pursuant to the divorce decree clearly conflicts with the express provisions of the SBP under which Mr. King's surviving spouse is the beneficiary of the annuity. In providing the means by which former spouses may become entitled to SBP annuity benefits, Congress enacted plain and precise statutory language placing conditions and limits on that right and made clear that any annuity benefits paid in compliance with the provisions of the SBP are not subject to legal process. Since the provisions of the SBP unambiguously preclude the rights asserted under the divorce decree, we further conclude that the consequences of enforcing the conflicting state law principles sufficiently injures the objectives of the SBP so that federal law preempts the authority of state law. See *Poloney v. Tambrands, Inc.*, 260 Ga. 850, 851 (412 SE2d 526) (1991); *Mansell*, supra at 588-595.

The trial court erred by concluding that Sarah King had a controlling right to receive the SBP annuity pursuant to the divorce decree. We need not address appellants' additional grounds.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 7, 1997.

*Kennedy & Kennedy, Reid W. Kennedy*, for appellants.
*Donald L. Mize*, for appellee.