COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Haley and Senior Judge Willis


CLYDE A. HOLMES

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1539-09-1                              PER CURIAM
                                                       FEBRUARY 2, 2010
AMY HOLMES


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         H. Thomas Padrick, Jr., Judge

          (Robert G. Byrum; Shames & Byrum, P.C., on brief), for appellant.

          (Kim M. Crump, on brief), for appellee.


        Clyde A. Holmes (husband) appeals the final decree of divorce, entered on June 26, 2009.

Husband argues that the trial court erred in (1) ordering husband to pay spousal support in the

amount of $1,800 per month for six years and attorney's fees in the amount of $8,000; (2) using an

incorrect separation date to calculate the marital share of his military retirement benefits;

(3) ordering that Amy Holmes (wife) shall receive Survivor Benefit Plan (SBP) benefits; (4) ruling

that the date of separation was October 2007, as opposed to August 2006; and (5) ruling that wife

was not responsible for the student loan used for the benefit of their child because it was not a

marital debt.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Husband and wife married on June 22, 1983. Husband is an active member of the United States Navy and has been throughout the majority of the marriage.

In March 2007, wife filed a bill of complaint for divorce and alleged that husband committed adultery in August 2006. After numerous pleadings and hearings, the trial court held a final hearing on April 30, 2009.

The trial court concluded that although husband's "behavior caused the break up of the marriage," "adultery has not been proven as the law requires." The trial court granted the divorce based on the parties living separate and apart for more than one year. The trial court also ruled that the date of separation was October 2007, as opposed to August 2006. Husband was deployed in Iraq when wife discovered e-mails between husband and his paramour. Wife confronted husband, and she testified that he admitted having the affair. Husband and wife continued to live together. In October 2007, wife obtained a preliminary protective order against husband, and he moved out.

The trial court also ruled on the division of the property, including husband's military retirement. The trial court ordered that wife shall receive fifty percent of the marital share of his retirement and based the formula on the October 2007 date of separation. The trial court also ordered that husband provide SBP benefits to the wife, "as allowed under Federal Law," and the cost was to be divided equally between the parties.

Furthermore, the trial court ruled that wife was entitled to $1,800 per month in spousal support for six years, so that she could have time to complete her education and become a teacher. The trial court also awarded wife $8,000 of her attorney's fees.

Husband signed the final decree of divorce as "OPPOSED" and did not list his objections. He did not file a motion for reconsideration, but timely filed his appeal.

ANALYSIS

Rule 5A:18 – Issue 1

Husband argues that the trial court erred in awarding spousal support to wife in the amount of $1,800 per month for six years and awarding her $8,000 in attorney's fees. Husband did not note his objections to these awards.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).

Therefore, we will not consider this issue.

<u>Rule 5A:20(e) – Issues 2, 4, and 5</u>

Husband argues that the trial court used an incorrect date of separation, which affected the division of his military retirement, and the trial court erred in ruling that wife was not responsible for a portion of the student loan used for the benefit of their child.[1]

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments.

Husband has the burden of showing that reversible error was committed. See <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." <u>Id.</u> Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider questions presented 2, 4, and 5. See <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to

---

[1] Husband signed the final decree of divorce as "OPPOSED," but did not list his specific objections to the order. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. <u>Lee</u>, 12 Va. App. at 515, 404 S.E.2d at 738. However, husband argued his points regarding the date of separation and the student loan debt to the trial court. In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. <u>Id.</u>

present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

SBP Benefits – Issue 3

Husband argues that the trial court erred in awarding wife SBP benefits. Husband argues that wife is no longer entitled to the SBP benefits because, as of the time of divorce, she is a former spouse.

The trial court ordered husband to "provide a survivor benefit, as allowed under Federal Law, and the cost of it to be split equally 50/50 with the parties." The final decree states, "It is further ADJUDGED, ORDERED, and DECREED that the Plaintiff [wife] shall have the survivor benefits as allowed under Federal law and the costs of the survivor benefit plan (SBP) shall be split 50/50 between the parties." In ordering that husband provide a "survivor benefit" to wife, the trial court ordered husband to provide the SBP benefits to wife, as a former spouse, and as allowed by federal law.

> Under the Survivor Benefit Plan (SBP) established by 10 U.S.C. §§ 1447-1455, a military retiree, following entry of a final decree of divorce, may elect to provide an annuity to a former spouse. 10 U.S.C. § 1448(b)(3)(A)(II). The election must be in writing, signed by the person making the election, and received by the secretary of the appropriate branch of the military service within one year after the date of the decree of divorce. 10 U.S.C. § 1448(b)(3)(A)(II)(iii).

Dugan v. Childers, 261 Va. 3, 6, 539 S.E.2d 723, 724 (2001).

Therefore, the trial court did not err in ordering husband to name wife, as the former spouse, the beneficiary of the SBP benefits. The federal law allows the military participant to elect to provide a former spouse with an annuity. 10 U.S.C § 1448(b)(2)(A) (2009).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.