THOMPSON, Presiding Judge.
 

 Gail McIntosh Smith (“the wife”) appeals from a judgment terminating the obligation of Herbert H. McIntosh (“the husband”) to name her as the beneficiary of his military Survivor Benefit Plan (“SBP”)
 
 [1]
 
 and as the beneficiary of a life-insurance policy issued by Serviceman’s Group Life Insurance (“the life-insurance policy”).
 

 The record indicates the following. After a 31-year marriage, the parties divorced on July 23, 2001. The divorce judgment (“the 2001 judgment”) explicitly incorporated an agreement reached by the parties. In that agreement, the wife waived “all right and interest in and to any portion of the [husband’s] retirement.” The husband agreed to
 

 “maintain the SBP insurance on behalf of [the wife] and agree[d] to maintain the life insurance policy in effect through the military insuring the [husband’s] life and [the husband] agree[d] to name the [wife] as irrevocable beneficiary. Said SBP and the life insurance is in lieu of alimony and is additional support to the [wife] and is non-dis-chargeable in bankruptcy.”
 

 The wife also waived any right to receive periodic alimony and alimony in gross.
 

 On November 21, 2001, the wife married Jimmy Hataway. She was 49 years old at the time of that marriage. When the hus
 
 *1279
 
 band was told of the wife’s remarriage, he discontinued payment of the SBP premiums. The husband testified that he also discontinued payment of the premiums on the life-insurance policy he had, which named the wife as beneficiary. He said that, at the time he discontinued payment of the premiums, he had been diagnosed with cancer and that the premiums for the life-insurance policy were increasing to the point that he could no longer afford them.
 

 On April 23, 2007, the wife divorced Hataway. She notified the Defense Finance and Accounting Service (“DFAS”) of her divorce from Hataway and requested that she be reinstated as the beneficiary of the husband’s SBP, as allowed by federal law. DFAS complied with the wife’s request and notified the husband that the wife had been reinstated as the SBP beneficiary. At the request of DFAS, the husband paid an arrearage of the SBP premiums the husband had not paid during the time the wife had been married to Hata-way.
 

 In March 2008, the husband remarried. He removed the wife as the beneficiary of his SBP and named his new wife as the beneficiary. In September 2009, after she learned that she was no longer the beneficiary of the husband’s SBP, the wife filed a complaint seeking to hold the husband in contempt for his failure to maintain her as the beneficiary of both the SBP and the life-insurance policy.
 

 The trial court held two hearings on the wife’s complaint; ore tenus evidence was presented at both hearings, but the material facts are not in dispute. The first hearing was “on the issue of [the husband’s] default in that portion of the provision [of the 2001 judgment] requiring him to maintain the life-insurance policy.” After the first hearing, the trial court entered an interlocutory order in which it ruled that because the provision in the 2001 judgment requiring the husband to maintain the life-insurance policy naming the wife as the irrevocable beneficiary of that policy explicitly stated that the “requirement [was] additional support to the [wife] and [was] non-dischargeable in bankruptcy,” the requirement was, in effect, an award of periodic alimony. Therefore, the trial court found, the requirement was subject to modification upon a showing of a material and substantial change in circumstances.
 
 [2]
 

 The trial court held a second hearing “for the purpose of receiving evidence relevant to a modification or other action on this provision of the [2001 judgment] in light of this Court’s finding.” At the second hearing, the husband argued that his obligations to maintain the life-insurance policy and the SBP and naming the wife as beneficiary of each were due to be terminated because of the wife’s remarriage. On the other hand, the wife asked the court to reconsider its ruling in the interlocutory order holding that the requirement to maintain the life-insurance policy naming the wife as beneficiary was an award of periodic alimony. After the hearing, the trial court entered a judgment on June 18, 2010, ruling that Alabama law provides that a former spouse’s subsequent marriage ends the obligation of the other former spouse to pay alimony;
 
 *1280
 
 therefore, the court concluded, when the wife married Hataway in 2001, the husband’s obligations to maintain the life-insurance policy and the SBP and naming the wife as the beneficiary of each ended. The trial court denied all other relief the parties sought. The wife appealed.
 

 The wife argues that the trial court’s ruling that the husband’s obligation to maintain the SBP naming the wife as the beneficiary ended when she remarried was contrary to federal law, which, she contends, applies in this case.
 
 [3]
 

 When Alabama law is in conflict with federal law or with the administration of a federal program, the federal law must take precedence.
 
 Metropolitan Life Ins. Co. v. Potter,
 
 533 So.2d 589, 591 (Ala.1988). Preemption of state law occurs in three ways. First, Congress may define expressly to what extent a federal statute preempts state law.
 
 See English v. General Elec. Co.,
 
 496 U.S. 72, 78, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). Second, preemption may be found when a pervasive scheme of federal regulation makes it reasonable to infer that Congress intended exclusive federal regulation of the subject matter.
 
 Id.
 
 at 79. Third, preemption occurs when there is a direct conflict between the provisions of a federal law and the provisions of a state law.
 
 Id.
 

 In
 
 Mansell v. Mansell,
 
 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), the United States Supreme Court stated:
 

 “Because domestic relations are preeminently matters of state law, we have consistently recognized that Congress, when it passes general legislation, rarely intends to displace state authority in this area. See,
 
 e.g., Rose v. Rose,
 
 481 U.S. 619, 628 (1987);
 
 Hisquierdo v. Hisquierdo,
 
 439 U.S. 572, 581 (1979). Thus we have held that we will not find preemption absent evidence that it is ‘ “positively required by direct enactment.” ’
 
 Hisquierdo, supra,
 
 at 581 (quoting
 
 Wetmore v. Markoe,
 
 196 U.S. 68, 77 (1904)).”
 

 Furthermore,
 

 “[o]n the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has ‘positively required by direct enactment’ that state law be preempted.
 
 Wetmore v. Markoe,
 
 196 U.S. 68, 77 (1904). A mere conflict in words is not sufficient. State family and family-property law must do ‘major damage’ to ‘clear and substantial’ federal interests before the Supremacy Clause will demand that state law be overridden.
 
 United States v. Yazell,
 
 382 U.S. 341, 352 (1966).”
 

 Hisquierdo v. Hisquierdo,
 
 439 U.S. 572, 581, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). “The pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require nonrecognition.”
 
 Id.
 
 at 583. In
 
 Ridgway v. Ridgway,
 
 454 U.S. 46, 55, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), the United States Supreme Court stated that a state-law di
 
 *1281
 
 vorce judgment, “like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments.”
 

 Section 30-2-55, Ala.Code 1975, provides, in pertinent part:
 

 “Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.”
 

 Congress enacted the legislation creating the SBP in 1972 to provide benefits to surviving spouses and dependent children of deceased military retirees. Act of Sept. 21, 1972, Pub.L. No. 92-425, 86 Stat. 706 (1972) (codified as amended at 10 U.S.C. §§ 1447-1455). In 1982, Congress expanded the list of potential SBP beneficiaries to include former spouses.
 
 See
 
 Uniformed Services Former Spouses’ Protection Act, Pub.L. No. 97-252, § 1003, 86 Stat. 706, 735-36 (1982). Upon the death of an SBP participant, his or her beneficiaries receive monthly annuity payments. 10 U.S.C. § 1450(a). If a former spouse who is the beneficiary of an SBP remarries before reaching age 55, the former spouse’s SBP coverage is suspended. 10 U.S.C. § 1450(b)(2). However, if that marriage “is terminated by death, annulment, or divorce,” the former spouse can apply for reinstatement of the suspended former-spouse coverage. 10 U.S.C. § 1450(b)(3).
 

 No Alabama court has considered whether 10 U.S.C. § 1450 preempts state law on the subject of a former spouse’s entitlement to SBP benefits. In
 
 Dugan v. Childers,
 
 261 Va. 3, 7, 539 S.E.2d 723, 724 (2001), the Supreme Court of Virginia was asked to determine whether 10 U.S.C. § 1450 preempted state law “on the subject of a former spouse’s entitlement to the survivor benefits of a military retiree.” In
 
 Dugan,
 
 a former spouse sought to impose a constructive trust on SBP annuities that a servicemember’s surviving spouse had received, arguing that, when the former spouse and the servicemember divorced, the servicemember had agreed to name the former spouse as the beneficiary of his SBP. When the servicemember remarried, however, he changed the SBP beneficiary to his new wife. A Virginia trial court found the servicemember in contempt and directed him to reinstate the former spouse as the beneficiary; however the servicemember died before doing so.
 
 Dugan,
 
 261 Va. at 5-6, 539 S.E.2d at 723-24.
 

 In its preemption analysis, the Virginia Supreme Court found persuasive the following language from a Georgia Court of Appeals’ opinion addressing a similar factual situation:
 

 “ ‘The right to the annuity asserted by [the former spouse] pursuant to the divorce decree clearly conflicts with the express provisions of the SBP under which [the military retiree’s] surviving spouse is the beneficiary of the annuity. In providing the means by which former spouses may become entitled to SBP annuity benefits, Congress enacted plain and precise statutory language placing conditions and limits on that right and made clear that any annuity benefits paid in compliance with the provisions of the SBP are not subject to legal process. Since the provisions of the SBP unambiguously preclude the rights asserted under the divorce decree, we further
 
 *1282
 
 conclude that the consequences of enforcing the conflicting state law principles sufficiently injures the objectives of the SBP so that federal law preempts the authority of state law.’ ”
 

 Dugan,
 
 261 Va. at 8, 539 S.E.2d at 725 (quoting
 
 King v. King,
 
 225 Ga.App. 298, 301, 483 S.E.2d 379, 383 (1997)). The Virginia court then found, as did the Georgia appeals court, that the provisions of federal law pertaining to the SBP made clear that Congress intended “ ‘to occupy the field’ ” under the circumstances. 261 Va. at 9, 539 S.E.2d at 725 (quoting
 
 Silva v. Silva,
 
 333 S.C. 387, 391, 509 S.E.2d 483, 485 (Ct.App.1998)). Accordingly, the Virginia court held that federal law, specifically 10 U.S.C. § 1450, preempted state law as to a former spouse’s right to claim entitlement to an SBP annuity.
 
 See also Silva v. Silva,
 
 supra (holding that a state court did not have the authority to preempt provisions of federal law pertaining to the SBP under circumstances similar to those in
 
 Dugan)-,
 
 and
 
 Barros v. Barros,
 
 34 Wash.App. 266, 660 P.2d 770 (1983) (states cannot apply community-property law to the distribution of SBP annuities).
 

 In
 
 Metropolitan Life Insurance Co.,
 
 supra, our supreme court was called upon to determine whether federal law allowed a former husband to change the beneficiary on a Federal Employees’ Group Life Insurance (“FEGLI”) policy even though, in a divorce proceeding, a state court had ordered him to maintain his former wife as the sole beneficiary of the policy. Following the precedent established by
 
 Ridgway,
 
 supra, in which the United States Supreme Court held that the provisions of the Servicemen’s Group Life Insurance Act (“SGLIA”), 30 U.S.C. § 765 et seq., prevailed over inconsistent state law, our supreme court held that the federal law governing the designation of a beneficiary of a FEGLI policy must preempt and supersede inconsistent provisions of a state-court divorce judgment.
 
 Metropolitan Life Ins. Co.,
 
 533 So.2d at 590 and 594-95. Our supreme court determined that
 
 Ridg-way
 
 could not be distinguished “just because it dealt with a different federal insurance program.”
 
 Id.
 
 at 594.
 

 As mentioned, Congress’s purpose in creating the legislation pertaining to the SBP was to provide for the survivors of servicemembers. Congress has determined that, under certain circumstances, servicemembers’ former spouses whose subsequent marriages have ended are entitled to apply for reinstatement as the beneficiary of SBP. The statutes governing the SBP provide the procedure by which a former spouse can regain his or her status as an SBP beneficiary.
 

 In this case, the trial court determined that the husband’s obligation to maintain the wife as the beneficiary of SBP benefits was in the nature of an alimony award and applied Alabama law to preclude the wife’s eligibility to continue as the beneficiary of the husband’s SBP. The trial court’s ruling that the wife was no longer entitled to the benefits of the husband’s SBP once she remarried is clearly contrary to the provisions of 10 U.S.C. § 1450, which sets forth the circumstances under which a former spouse can receive SBP benefits if the former spouse’s subsequent marriage ends. As was the case in the authorities previously cited, the consequences of enforcing the conflicting state law “sufficiently injures” the objectives of the federal SBP program so as to require preemption.
 

 Neither the trial court nor this court has the authority to preempt the provisions of federal law pertaining to the SBP; there
 
 *1283
 
 fore, we reverse the judgment of the trial court insofar as it held that, based on § 30-2-55, when she remarried, the wife was not entitled to the benefits of the husband’s SBP. In reaching this holding, this court makes no determination as to whether the wife is, in fact, the proper beneficiary of the husband’s SBP.
 

 The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 

 The husband’s request for an attorney fee on appeal is denied.
 

 REVERSED AND REMANDED.
 

 PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . In
 
 Smith v. Smith,
 
 190 W.Va. 402, 404, 438 S.E.2d 582, 584 (1993), the West Virginia Supreme Court of Appeals provided the following succinct description of the SBP:
 

 “The survivor benefit plan is designed to provide financial security to a designated beneficiary of a military member, payable only upon the member's death in the form of an annuity. Upon the death of the member, all pension rights are extinguished, and the only means of support available to survivors is in the form of the survivor benefit plan.”
 

 [2]
 

 . It is unclear whether the trial court intended for both the life-insurance policy and the SBP to be included within the term "life-insurance policy.” However, as discussed below, the husband's obligation to maintain the wife as the beneficiary of both the life-insurance policy and the SBP was addressed at the second hearing and in the trial court's final judgment.
 

 [3]
 

 . In her brief on appeal, the wife failed to argue that the trial court improperly terminated the husband's obligation to maintain the life-insurance policy naming the wife as the beneficiary. Therefore, the wife has waived that argument.
 
 See Waddell & Reed, Inc. v. United Investors Life Ins. Co.,
 
 875 So.2d 1143, 1167 (Ala.2003) ("Issues not argued in a party’s brief are waived.”); and
 
 Roberson v. C.P. Allen Constr. Co.,
 
 50 So.3d 471, 478 (Ala.Civ.App.2010).