ELMORE, Judge.
 

 *404
 
 Janice Joyner-Watson ("executrix"), the second wife and executrix of the estate of Richard D. Watson ("plaintiff" or "decedent"), appeals from an order in which the trial court (1) concluded plaintiff was in contempt for failure to abide by the terms of a 1999 equitable distribution order, and (2) directed the executrix "to take whatever measures necessary to correct the military record and place the Defendant, Leola Sanders Watson, as sole beneficiary" of plaintiff's survivor benefit plan with the military.
 

 For the reasons stated herein, we reverse the order of the trial court.
 

 I. Background
 

 Plaintiff and defendant are formerly husband and wife, having been married in 1968 and divorced in 1994. In an equitable distribution order
 
 *405
 
 entered with the parties' consent in June 1999 ("ED order"), the trial court distributed to defendant nonvested benefits earned as a result of plaintiff's military service. The ED order included the following language:
 

 [Plaintiff] agrees to place the Defendant as sole primary beneficiary of the Survivor Benefit Plan (SBP) and to provide a copy of said election to Defendant at the appropriate time. Plaintiff shall elect the spouse-only portion and shall select as the base amount the full amount of his monthly retired pay. If Plaintiff fails to make said election, an[ ] amount equal to the present value of SBP coverage for the Defendant shall, at the death of Plaintiff, become an obligation of his estate. In addition, the Defendant shall be entitled to such remedies for breach as are available to her in a court of law, and DFAS [Defense Finance and Accounting Services] shall treat this [or]der as the "deemed election" of the Plaintiff for SBP purposes.
 

 Plaintiff remarried in October 2002. On 6 July 2017-approximately ten months after
 
 *735
 
 plaintiff's death-defendant filed a motion to hold plaintiff in contempt for failure to comply with the ED order. In the motion, which defendant filed without first substituting the executrix or the estate as party plaintiff and captioned by simply adding the executrix and listing plaintiff as deceased, defendant alleged that plaintiff had retired from the military in May 2010 and died in September 2016; that plaintiff was in contempt for failing to name defendant as the beneficiary of the SBP; and that the executrix, as the personal representative of plaintiff's estate, had previously rejected defendant's claim to the SBP benefits.
 

 In an order entered 20 December 2017, the trial court made the following relevant findings of fact:
 

 4. The [ED] Order was not submitted to DFAS by Plaintiff or Defendant within the year it was entered....
 

 5. Plaintiff retired from the military on May 31, 2010. The [ED] Order containing the deemed election wording was submitted to DFAS on or about August 15, 2009, prior to the Plaintiff's retirement from the military.
 

 6. The [ED] Order was modified by this Court for correction of the military division of retirement formula and resubmitted to DFAS on or about July 8, 2010, containing the same deemed election wording.
 

 *406
 
 7. Upon his retirement, Plaintiff did not name Defendant as the sole primary beneficiary and instead placed Janice Joyner-Watson, the Executrix for his estate as the beneficiary of the SBP.
 

 Based on its findings, the trial court concluded as a matter of law that it had jurisdiction over the parties and the subject matter of the action, and that
 

 2. Plaintiff is in contempt of Court by failing to name Defendant as the SBP recipient pursuant to the previous Orders of this Court.
 

 3. DFAS was put on notice of the deemed election when served with the Orders on or about August 15, 2009 and July 8, 2010.
 

 4. Defendant, Leola Sanders Watson is the rightful beneficiary of the SBP of Plaintiff.
 

 In its decretal, the trial court provided only that
 

 1. The Defendant, Leola Sanders Watson shall be named as the Plaintiff's sole SBP beneficiary[, and]
 

 2. The Executrix for Plaintiff is ordered to take whatever measures necessary to correct the military record and place the Defendant, Leola Sanders Watson, as sole beneficiary of the SBP.
 

 The executrix entered timely notice of appeal.
 

 II. Discussion
 

 On appeal, the executrix makes several arguments in support of her contention that the trial court erred in holding her in contempt. However, because the trial court did not in fact hold the executrix in contempt, we conclude that these arguments are meritless. We thus limit our discussion to whether the trial court erred in ordering the executrix to take whatever measures necessary to place defendant as the sole beneficiary of the SBP. The standard of review applicable to an order entered after a non-jury trial is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment."
 
 Sessler v. Marsh
 
 ,
 
 144 N.C. App. 623
 
 , 628,
 
 551 S.E.2d 160
 
 , 163 (2001).
 

 The executrix contends
 
 10 U.S.C. § 1448
 
 (a) "mandates that if a retiree is married at the time they become eligible to participate in the
 
 *407
 
 [SBP], the spouse
 
 must
 
 be designated as beneficiary of the Plan, unless the spouse concurs in a different designation." Beneficiary status by "deemed election" is offered as an alternative to the mandatory spousal designation, but the Code requires that the election be made in writing and received by the secretary of the appropriate branch of the military within one year after entry of the order directing the same.
 
 10 U.S.C. § 1448
 
 (b). As there is no North Carolina case addressing this issue, the executrix relies on case law from Virginia, Georgia, and South Carolina to support her argument that the time limitations of the Code must be strictly interpreted
 
 *736
 
 based on the doctrine of federal preemption.
 

 In
 
 Dugan v. Childers
 
 ,
 
 261 Va. 3
 
 ,
 
 539 S.E.2d 723
 
 (2001), the Supreme Court of Virginia considered whether
 
 10 U.S.C. § 1450
 
 preempted state law "on the subject of a former spouse's entitlement to the survivor benefits of a military retiree[.]"
 

 Id.
 

 at 7
 
 ,
 
 539 S.E.2d at 724
 
 . The former spouse in
 
 Dugan
 
 sought to impose a constructive trust on SBP annuities that a retiree's surviving spouse had received on the basis that, when the former spouse and the retiree divorced, the retiree had agreed to name the former spouse as the beneficiary of his SBP. When the retiree remarried, however, he changed the SBP beneficiary to his new wife. The trial court in
 
 Dugan
 
 found the retiree in contempt and directed him to reinstate the former spouse as the beneficiary, but the retiree died before doing so.
 
 Id.
 
 at 5-6,
 
 539 S.E.2d at 723-24
 
 .
 

 In its preemption analysis, the Virginia Court in
 
 Dugan
 
 found persuasive the following language from a Georgia Court of Appeals opinion addressing a similar factual situation:
 

 "The right to the annuity asserted by [the former spouse] pursuant to the divorce decree clearly conflicts with the express provisions of the SBP under which [the military retiree's] surviving spouse is the beneficiary of the annuity. In providing the means by which former spouses may become entitled to SBP annuity benefits, Congress enacted plain and precise statutory language placing conditions and limits on that right and made clear that any annuity benefits paid in compliance with the provisions of the SBP are not subject to legal process. Since the provisions of the SBP unambiguously preclude the rights asserted under the divorce decree, we further conclude that the consequences of enforcing the conflicting state law principles sufficiently injures the objectives of the SBP so that federal law preempts the authority of state law."
 

 *408
 

 Id.
 
 at 8,
 
 539 S.E.2d at 725
 
 (quoting
 
 King v. King
 
 ,
 
 225 Ga. App. 298
 
 , 301,
 
 483 S.E.2d 379
 
 , 383 (1997) ). The Virginia Court in
 
 Dugan
 
 then found, as did the Georgia Court in
 
 King
 
 , that the provisions of federal law pertaining to the SBP made clear that Congress intended "to occupy the field" under the circumstances.
 
 Dugan
 
 ,
 
 261 Va. at 9
 
 ,
 
 539 S.E.2d at 725
 
 (quoting
 
 Silva v. Silva
 
 ,
 
 333 S.C. 387
 
 , 391,
 
 509 S.E.2d 483
 
 , 485 (App. 1998) ). Accordingly, the Virginia Court held that federal law preempted state law as to a former spouse's right to claim entitlement to an SBP annuity.
 
 See also
 

 Silva
 
 ,
 
 333 S.C. at 391
 
 ,
 
 509 S.E.2d at 485
 
 (holding that a South Carolina state court did not have the authority to preempt provisions of federal law pertaining to the SBP under circumstances similar to those in
 
 Dugan
 
 ).
 

 In response to the executrix's argument, defendant concedes that the former spouses in
 
 Dugan
 
 ,
 
 King
 
 , and
 
 Silva
 
 "also did not make [their] deemed election[s] within one year." However, she asserts that the cases relied upon by the executrix are distinguishable because the former spouse in each of those cases "was seeking an order for a constructive trust on the SBP payments which could [ ] then be assigned to the ex-spouse..... Defendant-appellee is not requesting a constructive trust." We are not persuaded by defendant's argument, which ignores the ultimate holding of each case: that federal law preempts state law as to a former spouse's right to claim entitlement to an SBP annuity.
 

 Here, the trial court found as a fact that the ED order "was not submitted to DFAS by Plaintiff or Defendant within the year it was entered" as required by the U.S. Code in order to make a deemed election. Accordingly, because it lacked the authority to preempt these time restrictions of the Code, we hold that the trial court erred in ordering the executrix to nevertheless place defendant as the sole beneficiary of the SBP.
 

 III. Conclusion
 

 Pursuant to the ED order, defendant is entitled to "an[ ] amount equal to the present value of SBP coverage," which is an obligation of plaintiff's estate. However, because the trial court lacked authority to preempt the SBP provisions of the U.S. Code, we reverse its order directing the executrix to
 
 *737
 
 take whatever measures necessary to place defendant as the sole beneficiary of the SBP.
 

 REVERSED.
 

 Judges DILLON and DAVIS concur.